**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DOUGLAS T. SMITH, | ) | |
| Plaintiff, | ) | Case No. 1:24-cv-02197 |
| | ) | |
| v. | ) | |
| | ) | Judge: Honorable Steven C. Seeger |
| COLLECTION PROFESSIONALS, INC. | ) | |
| ROBERT B. STEELE, and APLINGTON | ) | |
| KAUFMAN, McCLINTOCK, STEELE, | ) | |
| & BARRY, LTD., | ) | |
| Defendants. | | |

### DEFENDANTS COLLECTION PROFESSIONALS, INC., ROBERT B. STEELE, AND APLINGTON, KAUFMAN, McCLINTOCK, STEELE & BARRY, LTD'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, COLLECTION PROFESSIONALS, INC., ROBERT B. STEELE, and APLINGTON, KAUFMAN, MCCLINTOCK, STEELE & BARRY, LTD. (collectively "Defendants"), by and through their attorneys Justin M. Penn and Ruddy S. Abam of Hinshaw & Culbertson LLP, for their Answer and Affirmative Defenses to Plaintiff's Complaint, state as follows:

### VENUE AND JURISDICTION

1.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 42 U.S.C. 1983, and 28 U.S.C. §§ 1331, 1337, and 1367, as Defendants do business in the State of Illinois and because a material portion of the events at issue occurred in this District.

**ANSWER:   Defendants admit that plaintiff brings this action for purported violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et. seq*. ("FDCPA"). Defendants deny that the plaintiff has any such claims. Defendants admit that this Court could generally have jurisdiction over FDCPA and 28 U.S.C. § 1331 or   § 1337 claims.**

**However, Defendants deny that the Court has supplemental jurisdiction over claims related to this action. Defendants deny any remaining allegations contained within Paragraph 1.**

2.      Venue in this District is proper under 28 U.S.C. § 1391(b) because Defendants' collection demands were received here, a material portion of the events at issue occurred in this District, and Defendants reside and transact business here.

**ANSWER:      Defendants admit only that they do not contest venue. Defendants deny any remaining allegations in Paragraph 2.**

<u>**PARTIES**</u>

3.      Plaintiff, Douglas T. Smith ("Plaintiff"), is an individual and resident of LaSalle County, Illinois, and a "consumer" as defined at 15 U.S.C. § 1692a(3) of the FDCPA.

**ANSWER:      Upon reasonable inquiry, Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations concerning where plaintiff (currently) resides. To the extent the allegations in this Paragraph seek to illicit a legal conclusion regarding whether plaintiff is "a 'consumer' as defined" under the FDCPA, Defendants deny on those grounds. Defendants deny any remaining allegations in Paragraph 3.**

4.      At all times relevant hereto, Plaintiff resided at 1708 ½ Fourth St., Peru, Illinois 61354.

**ANSWER:      Upon reasonable inquiry, Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations concerning where plaintiff resided "at all times relevant hereto". Defendants deny any remaining allegations in Paragraph 4.**

5.    Defendant, Collection Professionals, Inc., ("CP") is at times an assignee for collection of defaulted debts, that regularly collects defaulted consumer debts by mail, telephone and via filing lawsuits, on behalf of itself and others, and is thus a "debt collector" as that term is understood in the FDCPA, § 1692a(6).

**ANSWER:    Defendant, Collection Professionals, Inc. ("CPI"), admits that under certain circumstances and in certain instances it attempts to collect defaulted financial obligations, and that at times it may use mails or letters, place calls, or file suit seeking payment of the owed obligations. Thus, this Defendant admits that its attempts to collect are consistent with the term "debt collector" under the FDCPA.**

6.    CP's principal business purpose is the collection of defaulted consumer debt through the mails and interstate commerce, such as credit reporting, as well as via litigation, and is thus a "debt collector" as that term is understood in the FDCPA, § 1692a(6).

**ANSWER:    Defendant, CPI admits that under certain circumstances and in certain instances it attempts to collect defaulted financial obligations, and that at times it may use mails or file suit seeking payment of the owed obligations. This Defendant denies that the remaining allegations in Paragraph 6 completely characterize the nature of its business. CPI denies any allegations in this Paragraph that contain legal conclusions, and denies any remaining allegations contained within this Paragraph.**

7.    CP regularly collects defaulted and/or delinquent medical debts on behalf of others, including via "litigation by assignment", where according to CP "Illinois Statutes allow legal action to be filed in the name of Collection Professionals, Inc., rather than in the name of the client. We are able to group all of the accounts on an individual debtor, into one course of action enabling us to collect many small balance accounts. Collection Professionals, Inc. provides the attorney and

3

advances all court costs. Clients have no additional expenses and our services are provided based on the previously mentioned contingency fee." See Website, https://www.collprofinc.com/, Accessed on March 10, 2024.

**ANSWER: CPI admits only that under certain circumstances and in certain instances it attempts to collect defaulted financial obligations on behalf of others, and that at times it may file suit seeking payment of the owed obligations. Upon reasonable inquiry, CPI further admits that this Paragraph refers to "Website, https://www.collprofinc.com/", the contents of which speaks for themselves. CPI denies any allegations in this Paragraph that misinterpret or mischaracterize the contents and context of language found on the referenced Website as it relates to CPI. To the extent the allegations in Paragraph 7 infer the existence of facts supporting a claim for relief against CPI, they are denied. CPI further denies any remaining allegations in this Paragraph.**

8. CP collected or sought to collect over 1,000 defaulted and/or delinquent medical debts in the year 2023, on behalf of its clients.

**ANSWER: Upon information and belief, this Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained within Paragraph 8. To the extent the allegations in this Paragraph infer the existence of facts supporting a claim for relief against CPI, they are denied.**

9. CP maintains a collection agency license from the State of Illinois.

**ANSWER: CPI admits that it maintains a license to do business in the State of Illinois. This Defendant also admits that under certain circumstances it attempts to collect defaulted financial obligations, and denies any remaining allegations contained within Paragraph 9.**

4

10. CP maintains a website, https://www.collprofinc.com/.

**ANSWER: CPI admits the allegations contained within Paragraph 10 regarding the website, https://www.collprofinc.com/.**

11. CP's website states in part as follows:



REGULAR COLLECTION SERVICES:

📁 Category: Featured Services

All employees making debtor contacts are recognized Certified Collectors by the American Collector Association or are working toward that end. The individual attention given to each debtor contact, and the extra effort we devote, have enabled us to more than double our industry's average recovery ratio - year after year. We provide this service on a contingency fee basis - no collection - no charge.

See Website, https://www.collprofinc.corn/featured-services/regular-collection, Accessed on March 10, 2024

**ANSWER: CPI admits that the allegations in this Paragraph appear to refer to " Website, https://www.collprofinc.corn/featured-services/regular-collection", a publicly accessible online site which speaks for itself. To the extent the allegations in Paragraph 11 infer the existence of facts supporting a claim for relief against CPI, they are denied.**

12. Robert B. Steele ("Steele") is an attorney licensed in the State of Illinois.

**ANSWER: Robert B. Steele ("Steele" or "Attorney Steele") admits that he is an attorney duly licensed to practice law in the State of Illinois. This Defendant denies any remaining allegations contained within Paragraph 12.**

5

13.     Steele regularly collects defaulted consumer debts by mail, telephone and via filing lawsuits, on behalf of himself and others, and is thus a "debt collector" as that term is understood in the FDCPA, § 1692a(6).

**ANSWER:   This Defendant admits that as a part of his practice, under certain circumstances and in certain instances he serves as counsel in filed suits, in attempts to collect defaulted financial obligations that may be owed to others. Steele admits that at times he may use mails or place phone calls. Steele denies that he "collects defaulted consumer debts" "on behalf of himself" and denies that he is "thus a 'debt collector' as that terms is understood in the FDCPA.'" Steele denies any remaining allegations in Paragraph 13 that contain legal conclusions.**

14.     Steele regularly directs consumers, from which he seeks to collect debts, to write checks out to him personally, specifically to "Robert B. Steele, P.O. Box 517, LaSalle, Illinois, 61301", though he is a principal of Aplington, Kaufman, McClintock, Steele, and Barry, Ltd.

**ANSWER:   Steele denies that the information in this Paragraph completely characterizes the nature of his business and conduct, and denies the remaining allegations contained within Paragraph 14. To the extent the allegations contained within this Paragraph are directed toward Defendant Aplington, upon information and belief, Aplington adopts the response of Steele as set forth in Paragraph 14.**

15.     Steele regularly represents creditors and/or assignees of bad debts, such as CP, in connection with the collection of defaulted consumer debts from consumers.

**ANSWER:   The allegations contained in this Paragraph are directed only toward Defendant Steele. Accordingly, only this Defendant answers and denies that the information in this Paragraph completely characterizes the nature of his business and conduct. Attorney**

6

**Steele admits that as a part of his practice, under certain circumstances and in certain instances he serves as counsel in attempts to collect defaulted financial obligations that may be owed to others. Attorney Steele admits that he has appeared as counsel of record for Collection Professionals, Inc., in certain state court actions. To the extent the allegations in this Paragraph are asserted against all Defendants, the remaining Defendants, upon information and belief, adopt the response of Steele as set forth in Paragraph 15.**

16.     Aplington, Kaufman, McClintock, Steele, and Barry, Ltd. ("Aplington") is engaged in the business of a law firm, using the mails, courts and telephone to collect defaulted consumer debts originally owed to others.

**ANSWER:    The allegations contained in this Paragraph are directed only toward Defendant Aplington, Kaufman, McClintock, Steele, and Barry, Ltd. ("Aplington"). Accordingly, only Aplington answers and admits that it does business in the State of Illinois as a law firm, and that in certain instances it uses mails, phone, and corresponds with various courts in an attempt to collect defaulted financial obligations that may be owed to others. To the extent the allegations in this Paragraph are asserted against all Defendants, the remaining Defendants, upon information and belief, adopt the response of Aplington as set forth in Paragraph 16.**

17.     Aplington regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a debt collector as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

**ANSWER:    The allegations contained in this Paragraph are directed only toward Defendant Aplington. Accordingly, only Aplington answers and admits that under certain circumstances and in certain instances it attempts to collect defaulted financial obligations that may be owed to others. Aplington denies that the remaining allegations in this**

Paragraph completely characterize the nature of its business, denies any allegations that contain legal conclusions, and denies any remaining allegations contained within this Paragraph. To the extent the allegations in this Paragraph are asserted against all Defendants, the remaining Defendants, upon information and belief, adopt the response of Aplington as set forth in Paragraph 17.

18.    In the year 2023, Aplington filed over 200 lawsuits on behalf of CP to collect defaulted and/or delinquent consumer debts.

**ANSWER:    The allegations contained in this Paragraph are directed only toward Defendant Aplington. Accordingly, only this Defendant answers and states that Aplington lacks knowledge or information sufficient to form a belief as to the truth of these allegations. To the extent the allegations in this Paragraph are asserted against all Defendants, the remaining Defendants, upon information and belief, adopt the response of Aplington as set forth in Paragraph 18.**

## STANDING

19.    Plaintiff has Article III standing because, *inter alia*, Defendants Steele, CP and Aplington failed to provide Plaintiff with required information about the creditors to which the alleged debt is purported to be owed, the amount of the alleged debt, and his right to contest or request verification of the debt/ascertain the identity of the original creditor, placing him at a distinct disadvantage in dealing with his alleged obligations. If he had known about his rights, he would have timely disputed and sought verification of the debts-thereby requiring CP, Steele, and Aplington to cease litigating the collection action they filed against him and obtain verification. *Lavallee v. Med-1 Solutions, LLC*, 932 F.3d 1049 (7th Cir. 2019).

**ANSWER:    The allegations in this Paragraph purport to cite the FDCPA and/or case law, and allege out-of-context, incomplete, mischaracterized, summarized legal**

conclusions, and are denied on these bases. **Defendants deny all remaining allegations contained within Paragraph 19.**

20.    Plaintiff has Article III standing for the further reason that a *business* account with which he is associated was illegally garnished by Defendants in an attempt to collect the alleged *consumer* debt from him, causing him to lose access to money he otherwise would have available, and disrupting his ability to do his job and run his business. Defendants had neither a legal right nor a factual basis to cause his business account to be garnished. Defendants' false allegations caused Plaintiff severe emotional distress, loss of time, and financial loss and thus a concrete injury, necessitating that Plaintiff pay money to an attorney and to the State Action court to defend the false claim, and preventing Plaintiff from paying debts and making purchases in connection with his business.

**ANSWER:    Defendants deny the allegations contained within Paragraph 20.**

**FACTS RELATING TO ALL COUNTS**

21.    Plaintiff was alleged by CP, Steele and Aplington to incur various medical debts, for non-elective health care.

**ANSWER:    Defendants admit that plaintiff incurred outstanding financial obligations previously owed to an original creditor for certain health treatment services. Upon reasonably inquiry, Defendants lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained within Paragraph 21.**

22.    The obligations were thereafter declared to be in default.

**ANSWER:    Defendants admit that plaintiff incurred outstanding financial obligations previously owed to an original creditor, which subsequently went into default. Defendants deny any remaining allegations contained within Paragraph 22.**

23.    Plaintiff thus incurred an alleged obligation ("alleged debt") as that term is understood under § 1692a (5).

**ANSWER:    The allegations in Paragraph 23 contain legal conclusions. Defendants thus deny on this basis.**

24.    The alleged debt was not incurred in connection with Plaintiff's employment, nor in connection with any business matter.

**ANSWER:    Defendants lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained within Paragraph 24.**

25.    The alleged debt stems from assignments made from various creditors to CP, for medical care asserted by CP to be given to Plaintiff.

**ANSWER:    Defendants admit that plaintiff incurred outstanding financial obligations for certain health treatment services that remained owed. Defendant CPI, specifically admits that by valid assignment of rights and interests, plaintiff's account balances were transferred to it upon default from the original creditor. Upon reasonable inquiry, Defendants lack knowledge or information sufficient to form a belief regarding the truth of any remaining allegations contained within Paragraph 25.**

26.    CP alleges to have been assigned the alleged debt via the execution of an assignment for collection.

**ANSWER:    Defendant, CPI admits only that by execution of a valid assignment of rights and interests, plaintiff's account balances were transferred to it upon default from the original creditor. Defendants deny any remaining allegations contained within Paragraph 26.**

27.     CP thereafter hired Steele and Aplington to collect the alleged debt from the Plaintiff, by filing an action in LaSalle County, Illinois.

**ANSWER:  Defendants admit that the law firm of Aplington, Kaufman, McClintock, Steele & Barry, Ltd., served as representation or counsel for Collection Professionals, Inc., relating to plaintiff's outstanding financial obligations, in a state court action captioned _Collection Professionals, Inc., v. Douglas T. Smith_, Case No. 2022SC000430 and filed on May 31, 2022 before the Circuit Court of LaSalle County. Defendants deny the remaining allegations contained in this paragraph.**

28.     Specifically, on May 31, 2022 Steele and/or Aplington, on behalf of CP, filed a lawsuit against Plaintiff titled _Collection Professionals, Inc. v. Doughlas T Smith_, Case No. 2022SC430, in the Circuit Court of The Thirteenth Judicial Circuit, LaSalle County, Illinois ("State Action").

**ANSWER:  Defendants admit that the law firm of Aplington, Kaufman, McClintock, Steele & Barry, Ltd. served as representation or counsel for Collection Professionals, Inc., relating to plaintiff's outstanding financial obligations in a state court action captioned _Collection Professionals, Inc., v. Douglas T. Smith_, Case No. 2022SC000430, and filed by CPI on May 31, 2022 before the Circuit Court of LaSalle County. Defendants deny the remaining allegations contained in this Paragraph.**

29.     On October 11, 2022, judgment was entered against Plaintiff in the State Action.

**ANSWER:   Defendants admit that in the state court action captioned _Collection Professionals, Inc., v. Douglas T. Smith_, Case No. 2022SC000430, a valid and enforceable judgment was entered against Douglas T. Smith ("plaintiff" or "Smith") and in favor of CPI.**

30.     On or around March 17, 2023, Aplington and/or Steele, on behalf of CP, filed a "Citation to Discover Assets to Debtor's Bank", and served a copy on Plaintiff.

**ANSWER:   Defendants admit that the state court docket for Case No. 2022SC000430 speaks for itself, and deny any allegations in this Paragraph that mischaracterize the contents of the record in that action. Defendants admit that as evidenced by the state court docket, a "CITATION TO DISCOVER ASSETS" was filed in connection with the legal judgment entered by the circuit court against Smith by Aplington. To the extent the allegations in Paragraph 30 infer the existence of facts supporting a claim for relief against Defendants, they are denied. Defendants deny any remaining allegations in this Paragraph.**

31.     Specifically, the bank to which the Citation was directed was "Peru Federal Savings Bank".

**ANSWER:   Defendants admit that as evidenced by the state court docket for Case No. 2022SC000430, a "CITATION TO DISCOVER ASSETS" was filed in connection with the legal judgment entered by the circuit court against Smith. Defendants admit that according to Smith's income and property statement, he had an account with Peru Federal Savings Bank. To the extent the allegations in Paragraph 31 imply the existence of facts supporting a claim for relief against Defendants, they are denied.**

32.     Plaintiff did not have a personal bank account at Peru Federal Savings Bank, however,

**ANSWER:   Upon information and belief, Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 32.**

33.     Rather, he had a small business checking account with Peru Federal Savings Bank for his business, "Dougies Barber Shop".

**ANSWER:** **Upon reasonable inquiry, the knowledge and information available to Defendants render them unable to form a belief as to the truth of the information contained in Paragraph 33.**

34.     Plaintiff is the manager of "Dougies Barber Shop, LLC".

**ANSWER:** **Upon information and belief, Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this Paragraph.**

35.     Defendants at all times were aware that Plaintiff did not have an account at Peru Federal Savings Bank that they could legally garnish, but they filed and served a Citation to garnish said business account anyway.

**ANSWER:** **Defendants deny the allegations contained within Paragraph 35.**

36.     As a result, on or around March 17, 2023, $1,033.26 was withheld from said business account and frozen so that Plaintiff could not access said account for his business purposes.

**ANSWER:** **Defendants deny that their conduct resulted in any wrongful withholding of any funds. Further answering the allegations in this Paragraph, upon information and belief, Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 36.**

37. Plaintiff thereafter expended time and money and retained an attorney, to which he became indebted, in order to attempt to quash the Citation.

**ANSWER: Upon reasonable inquiry, Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 37.**

38. On or around March 22, 2023, Aplington and Steele, on behalf of CP, mailed a copy of the Citation to Plaintiff.

**ANSWER: Defendants state that the allegations contained within this Paragraph do not fully and accurately characterize Defendants' conduct relating to Plaintiff's account and the amounts owed. Notwithstanding, Defendants admit that in the state court action, the law firm of Aplington served as counsel on behalf of CPI, and that the state court docket for Case No. 2022SC000430 shows a "CERTIFICATE OF MAILING CITATION" for on or around March 24, 2023. Defendants deny any remaining allegations in Paragraph 38.**

39. The March 22, 2023 mailing was the first written communication to Plaintiff made by Defendants Steele and Aplington in connection with the collection of the alleged debt.

**ANSWER: Defendants deny the allegations in this Paragraph. Defendants further deny the allegations contained within Paragraph 38 to the extent plaintiff seeks to illicit a legal conclusion or infer the existence of facts supporting a claim for relief against Defendants.**

40. Plaintiff received the Citation on or around March 25, 2023.

**ANSWER: Upon reasonable inquiry, Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this Paragraph.**

41.     On or around April 10, 2023, Plaintiff's counsel sent an email to Steele regarding the unlawful garnishment.

**ANSWER:     The allegations contained in this Paragraph are directed only toward Defendant Steele. Accordingly, only Steele answers and admits that on April 10, 2023 he communicated with plaintiff's counsel concerning plaintiff's accounts relating to Case No. 2022SC000430. Steele denies plaintiff's characterization of plaintiff's counsel's communications with the Defendants as "regarding the unlawful garnishment." To the extent the allegations in Paragraph 41—including the latter portion of this Paragraph which is an improper legal conclusion—infer the existence of facts supporting a claim for relief against Defendants, they are also denied. Furthermore, to the extent the allegations in this Paragraph are asserted against all Defendants, the remaining Defendants, upon information and belief, adopt the response of Steele as set forth in Paragraph 41.**

42.     On April 10, 2023, Defendant Steele sent an email to Plaintiff's counsel, communicating that Defendants will release the garnished account.

**ANSWER:     The allegations contained in this Paragraph are directed only toward Defendant Steele. Accordingly, only Steele answers and admits only that his communications with counsel for plaintiff, including on April 10, 2023 speak for themselves, and deny the allegations in Paragraph 42 to the extent they infer the existence of facts supporting a claim for relief against Defendants. Furthermore, to the extent the allegations in this Paragraph are asserted against all Defendants, the remaining Defendants, upon information and belief, adopt the response of Steele as set forth in Paragraph 42.**

43.     Due to Plaintiff's counsel's actions and intervention, Defendants agreed to release the account the account was released on or after April 13, 2023.

**ANSWER:     Defendants deny the allegations in this Paragraph.**

44.     Aplington's mailing of the Citation on or around March 22, 2023 was the initial communication by Aplington and Steele with Plaintiff sent in connection with the collection of the alleged debt.

**ANSWER:     Defendants deny the allegations in this Paragraph.**

45.     Steele's email to Plaintiff's counsel on April 10, 2023 was Steele's first communication made to Plaintiff or his attorney in connection with the collection of the alleged debt.

**ANSWER:     Defendants deny the allegations in this Paragraph.**

46.     Plaintiff did not have access to his business account for about a month, causing him substantial hardship in his ability to run his business and make money, including impeding his ability to pay his business bills and buy supplies.

**ANSWER:     Defendants deny the allegations contained within Paragraph 46.**

47.     15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**…(2) The false representation of-**

> **(A)     the character, amount, or legal status of any debt; or...**

> **(B)     any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.**

16

> **. . . (5) The threat to take any action that cannot legally be taken
> or that is not intended to be taken**
>
> **. . . (10) The use of any false representation or deceptive means
> to collect or attempt to collect any debt or to obtain information
> concerning a consumer.**

**ANSWER:** **The allegations in this Paragraph purport to cite to the FDCPA.
Defendants state that 15 U.S.C. § 1692e speaks for itself, and deny any allegations that assert
out-of-context, incomplete, mischaracterized, and improperly summarized conclusions or
portions of the Act. Defendants deny any remaining allegations contained within Paragraph
47.**

48.    The Citation mailed to Plaintiff contained false information, specifically that
Defendants sent the Citation to the bank and to the debtor because "the creditor believes that the
bank has property belonging to the debtor….", as Defendants at all times knew and believed that
Plaintiff did not have an account at Peru Federal Savings Bank that could be garnished, violating
the FDCPA, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), and 1692e(10).

**ANSWER:** **Defendants deny the allegations contained within Paragraph 48.**

49.    Defendants charged Plaintiff money in connection with the garnishment that they
illegally pursued, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), and 1692e(10) of the
FDCPA.

**ANSWER:** **Defendants deny the allegations contained within Paragraph 49.**

50.    15 U.S.C. § 1692f of the FDCPA provides in part as follows:

> **A debt collector may not use unfair or unconscionable means to
> collect or attempt to collect any debt. Without limiting the
> general application of the foregoing, the following conduct is a
> violation of this section:**
>
> **(1)The collection of any amount (including any interest, fee,
> charge, or expense incidental to the principal obligation) unless**

**such amount is expressly authorized by the agreement creating the debt or permitted by law.**

**ANSWER:** **The allegations in this Paragraph purport to cite to the FDCPA. Defendants state that 15 U.S.C. § 1692f speaks for itself, and deny any allegations that assert out-of-context, incomplete, mischaracterized, and improperly summarized conclusions or portions of the Act. Defendants deny any remaining allegations contained within Paragraph 50.**

51.     Defendants used unfair and unconscionable mean to try to collect the alleged debt by seeking to collect it from Plaintiff's business account, and by charging and seeking to collect a fee in connection with said illegal garnishment, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

**ANSWER:** **Defendants deny the allegations contained within Paragraph 51.**

52.     15 U.S.C. § 1692g of the FDCPA provides in part as follows:

**(a) Notice of debt; contents**

**Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-**

**(1) the amount of the debt;**
**(2) the name of the creditor to whom the debt is owed;**
**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**
**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**
**(5)     a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

**(b) Disputed debts**

**If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

**ANSWER: The allegations in this Paragraph purport to cite to the FDCPA. Defendants state that 15 U.S.C. § 1692g speaks for itself, and deny any allegations that assert out-of-context, incomplete, mischaracterized, and improperly summarized conclusions or portions of the Act. Defendants deny any remaining allegations contained within Paragraph 52.**

53.     The Fair Debt Collection Practices Act thus requires a debt collector to give a written notice to a consumer within five days of its initial communication with said consumer, or his attorney. 15 U.S.C. § 1692g(a). That notice must include, among other things, a description of two mechanisms that the debtor can use to verify his debt. First, a consumer can notify the debt collector "in writing" that she disputes all or part of the debt, which obligates the debt collector to obtain verification of the debt and mail a copy to the debtor. Id.§ 1692g(a)(4). A failure to dispute the debt within 30 days means that the debt collector will assume that the debt is valid. Id. § 1692g(a)(3).

**ANSWER: The allegations in this Paragraph purport to cite to the FDCPA. Defendants state that 15 U.S.C. § 1692g speaks for itself, and deny any allegations that assert out-of-context, incomplete, mischaracterized, and improperly summarized conclusions or portions of the Act. Defendants deny any remaining allegations contained within Paragraph 53.**

54.     A consumer can also make a "written request" that the debt collector provide him with the name and address of the original creditor, which the debt collector must do if a different creditor currently holds the debt. Id. § 1692g(a)(5).

**ANSWER: The allegations in this Paragraph purport to cite to the FDCPA. Defendants state that 15 U.S.C. § 1692g speaks for itself, and deny any allegations that assert out-of-context, incomplete, mischaracterized, and improperly summarized conclusions or portions of the Act. Defendants deny any remaining allegations contained within Paragraph 54.**

55.     A debt collector must cease collection of a debt, by litigation or otherwise, if a consumer disputes a debt in writing within 30 days of the date he receives a Notice of Debt, until or unless the collector mails verification of the debt to the consumer. § 1692g(b).

**ANSWER: The allegations in this Paragraph purport to cite to the FDCPA. Defendants state that 15 U.S.C. § 1692g speaks for itself, and deny any allegations that assert out-of-context, incomplete, mischaracterized, and improperly summarized conclusions or portions of the Act. Defendants deny any remaining allegations contained within Paragraph 55.**

56. The email dated April 10, 2023 was the initial communication made by Steele to Plaintiff, via Plaintiff's counsel, regarding the collection of the alleged debt.

**ANSWER:** **This Defendant denies the allegations contained within Paragraph 56.**

57. The Citation sent by Defendants on or around March 22, 2023 was the initial communication made by Steele and Aplington to Plaintiff, that was made in connection with the collection of the alleged debt.

**ANSWER:** **Defendants deny the allegations contained within Paragraph 57.**

58. Defendants Aplington and Steele were required to send Plaintiff a Notice of Debt within five days of the initial communication with Plaintiff that was made in connection with the collection of the alleged debt.

**ANSWER:** **Defendants state only that to the extent the allegations contained within Paragraph 58 infer the existence of facts supporting a claim for relief against Defendants, they are denied. Subject to their affirmative defenses, Defendants deny any remaining allegations in this Paragraph.**

59. Defendants Aplington and Steele failed to provide Plaintiff or his attorney with required information regarding his alleged debt within five days of their initial communication with him-a "Notice of Debt" under section 1692g of the FDCPA- which would have informed Plaintiff of the amount of debt sought, his rights as to disputing the alleged debt, and the name of the alleged creditors to which he owed money.

**ANSWER:** **Defendants state that the allegations contained within this Paragraph do not accurately characterize Defendants' conduct relating to Plaintiff's account and the amounts owed. Subject to their affirmative defenses, Defendants deny any remaining allegations contained within Paragraph 59.**

60.     Plaintiff experienced a concrete injury as a result of the Notice of Debt not being provided to him by Steele and/or Aplington as Plaintiff would have exercised his right to request the identity of the original creditors and dispute the alleged debt in writing within 30 days of his receipt of a Notice of Debt by Steele and/or Aplington, which would have halted the State Action collection suit and the collection of the alleged debt via garnishment.

**ANSWER:     Defendants deny that they violated the FDCPA or any other state and federal laws. Defendants deny that plaintiff experienced any injury or damages as alleged in the present Complaint. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained within Paragraph 60.**

61.     Defendants' failure to provide Plaintiff a Notice of Debt thus impaired his ability to use the information, that was required to be contained therein, for a substantive purpose that the statute envisioned.

**ANSWER:     Defendants deny that they violated the FDCPA or any other state and federal laws. Defendants also deny that plaintiff sustained any injury or damages as alleged in plaintiff's present Complaint. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained within Paragraph 61.**

62.     Defendants' failure to provide information negatively affected Plaintiff's handling of his debts as he is to this date uncertain of the amounts which Defendants are seeking to collect from him, the identity of the alleged creditors who assigned the alleged debt, and the basis for and origin of the alleged debts.

**ANSWER:     Defendants deny the allegations contained within Paragraph 62 of the Complaint.**

63.     An unsophisticated consumer would be unable to ascertain the origin and amount of his debts, and she would have his legal right to obtain verification of the alleged debt and/or dispute the same taken away, as a result of Steele and/or Aplington's failure to provide a Notice of Debt within five days of the initial communication with him, regarding an alleged debt.

**ANSWER:     Defendants deny the allegations contained within Paragraph 63 of the Complaint. Furthermore, to the extent that the allegations in this Paragraph contain legal conclusions, Defendants also deny on this basis.**

64.     Plaintiff has suffered a concrete injury as a result of Defendants' actions, as he was unable to access money that he needed to run his business, and he was also stripped of his ability to dispute the alleged debt in writing and thus halt the collection of the alleged debt.

**ANSWER:     Defendants deny the allegations contained within Paragraph 64 of the Complaint.**

65.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

**ANSWER:     The allegations in this Paragraph contain legal conclusions. Defendants deny the allegations contained within Paragraph 65 on this basis.**

66.     CP bears the burden of monitoring the activities of those it enlists to collect debts on its behalf, including Aplington and Steele, and is liable for the actions taken to collect a debt on its behalf. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 323 (7th Cir. 2016).

**ANSWER:     The allegations in this Paragraph contain legal conclusions. Defendants deny the allegations contained within Paragraph 66 on this basis.**

## COUNT I-FAIR DEBT COLLECTION PRACTICES ACT-ALL DEFENDANTS

67.     Plaintiff realleges and incorporates paragraphs 1-66 into this count.

**ANSWER:     Defendants incorporate their responses and denials to the preceding paragraphs 1-66 as though fully set forth herein.**

68.     Defendants acted as debt collectors, as defined by the FDCPA, with respect to Plaintiff, as they each attempted to collect a defaulted consumer debt via their respective actions, specifically described supra.

**ANSWER:     Defendants deny the allegations contained within Paragraph 68 to the extent they call for a legal conclusion.**

69.     Defendants violated the FDCPA, 15 U.S.C. §§ 1692e, 1692f, and 1692g in connection with their attempts to collect the alleged debt from Plaintiff, as described above.

**ANSWER:     Defendants deny the allegations contained within Paragraph 69 of the Complaint.**

70.     Plaintiff lost time and money as a result of Defendants' illegal collection actions.

**ANSWER:     Defendants deny the allegations contained within Paragraph 70 of the Complaint.**

71.     At all times herein mentioned, Defendants are and were agents and/or joint venturers of each other, and in doing the acts alleged herein were acting within the course and scope of such agency.

**ANSWER:     Defendants deny that the allegations contained within Paragraph 71 accurately characterize the nature of CPI's legal engagement with the law firm of Aplington and Steele, deny any allegations that mischaracterize or misrepresent Defendants' relationship, and deny the remaining allegations in Paragraph 71, if any. To the extent the**

24

allegations in Paragraph 71 infer the existence of facts supporting a claim for relief against Defendants, or contain legal conclusions, they are denied. Defendants deny any remaining allegations in this Paragraph.

72. Each of the Defendants had actual and/or constructive knowledge of the acts of the other Defendants as described herein, and ratified, approved, joined in, acquiesced in, and/or authorized the acts of the other, and/or retained the benefits of said acts.

**ANSWER:    Defendants deny that the allegations contained within Paragraph 72 accurately characterize Defendants' relationship, deny any allegations that mischaracterize or misrepresent it, and deny the remaining allegations contain in Paragraph 72, if any. To the extent the allegations in Paragraph 72 infer the existence of facts supporting a claim for relief against Defendants, or contain legal conclusions, they are also denied.**

## COUNT II-ILLINOIS COLLECTION AGENCY ACT-CP

73. Plaintiff realleges and incorporates paragraphs 1-72 into this Count.

**ANSWER:    Defendants incorporate their responses and denials to the preceding paragraphs 1-72 as though fully set forth herein.**

74. CP is a "debt collector" as that term is defined by the Illinois Collection Agency Act ("ICAA"), as well as a "collection agency" and "debt buyer".

**ANSWER:    The allegations contained in this Paragraph are directed only toward Defendant CPI. Accordingly, only CPI answers and admits that under certain circumstances and in certain instances it attempts to collect defaulted financial obligations. CPI denies any allegations in this Paragraph that contain legal conclusions and denies any remaining allegations contained within this Paragraph. To the extent the allegations in this Paragraph**

are asserted against all Defendants, the remaining Defendants, upon information and belief, adopt the response of CPI as set forth in Paragraph 74.

75.     Plaintiff is a consumer from which CP sought to collect an alleged delinquent consumer debt.

**ANSWER:     Defendant CPI admits that under certain circumstances and in certain instances it attempts to collect defaulted financial obligations. CPI admits that it attempted to collect a delinquent obligation from plaintiff and that a valid legal judgment was entered against plaintiff and in CPI's favor, in Case No. 2022SC000430. Defendants deny any remaining allegations in Paragraph 75 that contain legal conclusions.**

76.     Defendant CP attempted to enforce a right or remedy with knowledge or reason to know that the right or remedy doesn't exist, in violation of 225 ILCS 425/9(a)(24) of the Illinois Collection Agency Act, when it sought to collect money from Plaintiff without having a legal right to garnish the account at issue, as described above.

**ANSWER:     Defendant CPI denies that it violated the FDCPA, state law, or any other regulation in connection with its attempts to collect delinquent financial obligations owed by plaintiff, which resulted from a valid legal judgment entered by the circuit court in Case No. 2022SC000430. Defendant further states that to the extent the allegations in Paragraph 76 infer the existence of facts supporting a claim for relief against CPI, they are denied. Defendants deny any remaining allegations contained within this Paragraph.**

77.     Plaintiff was damaged by CP's illegal actions by having to expend time and money to defend against a false and illegal garnishment, and was without access and use of funds he needed to run his business, and he suffered extreme emotional distress as well a result of the actions of Defendants.

**ANSWER:     Defendants deny the allegations contained within Paragraph 77.**

## COUNT III-WRONGFUL GARNISHMENT-ALL DEFENDANTS

78.     Plaintiff realleges and incorporates paragraphs 1-72 into this Count.

**ANSWER:     Defendants incorporate their responses and denials to the preceding paragraphs 1-77 as though fully set forth herein.**

79.     Defendants caused Plaintiff's business account to be garnished, specifically the account associated with "Dougies Barber Shop, LLC", held at Peru Federal Savings Bank, by filing and serving a "Citation to Discover Assets to Debtor's Bank".

**ANSWER:     Defendants admit that as evidenced by the state court docket in Case No. 2022SC000430, a Citation to Discover Smith's Assets was filed and reviewed by the circuit court, following the entry of a legal judgment against Smith. However, Defendants deny any remaining allegations contained in Paragraph 79, including denying those allegations in this Paragraph to the extent they infer the existence of facts supporting a claim for relief against Defendants.**

80.     No Defendant had a right to garnish said account.

**ANSWER:     Defendants deny the allegations contained within Paragraph 80.**

81.     Each Defendant knew that they did not have a right to garnish said account prior to seeking garnishment.

**ANSWER:     Defendants deny the allegations contained within Paragraph 81.**

82.     Plaintiff was damaged by Defendants' actions.

**ANSWER:     Defendants deny the allegations contained within Paragraph 82.**

## AFFIRMATIVE DEFENSES

Defendants, COLLECTION PROFESSIONALS, INC., ROBERT B. STEELE, and APLINGTON, KAUFMAN, MCCLINTOCK, STEELE & BARRY, LTD., by and through their undersigned attorneys, and for their affirmative defenses, state as follows:

### FIRST AFFIRMATIVE DEFENSE: Bona Fide Error

1.     Any violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., if applicable, which Defendants deny, was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. 15 U.S.C. § 1692k(c). The bona fide error defense is applicable when shown that the alleged violation was unintentional, and that procedures were in place to avoid the error. 15 U.S.C. § 1692k(c). See *Kort v. Diversified Collection Servs*., 394 F.3d 530, 537 (7th Cir. 2005) (stating that the FDCPA affords debt collectors this affirmative defense.

2.     Plaintiff's Complaint alleges that Defendants violated 15 U.S.C. §§ 1692e, 1692f, and 1692g in connection with their attempts to collect a financial obligation owed and outstanding from plaintiff. Defendants deny any such violations, but affirmatively state that, if any alleged violation(s) occurred, they were unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error. Defendant CPI maintains extensive policies and procedures relating to properly seeking collection from individuals who

have incurred a financial obligation, seeking rulings in state court in compliance with court rules and procedures, and in accordance with underlying account agreements. Whether concerning garnishment or other collection attempts, CPI acts pursuant to required court orders resulting from legal judgments. Likewise, Defendant Aplington, Kaufman, McClintock, Steele, and Barry, Ltd., maintains policies and procedures that include analysis of records to ensure appropriate collection from individuals who have incurred a financial obligation owed to a creditor. In its capacity as counsel in certain state court actions, Aplington on behalf of its clients seeks rulings in state court to comply with federal law and state rules, and proceeds with any collection efforts pursuant to underlying agreements, reasonable notice, valid court orders, and upon a detailed review of the records in its possession.

3.      These procedures and protocols are reasonably adapted to avoid a violation of the Fair Debt Collection Practices Act, such as those alleged in the instant case. The Defendants neither misrepresented nor acted deceptively in their collection attempts in connection with plaintiff's account and state court judgment.

### SECOND AFFIRMATIVE DEFENSE: Failure to State a Claim

Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff's Complaint is constructed upon the contention that Defendants improperly sought to and garnished his wages by issuing a Citation to Discover Assets to his bank, resulting in funds being withheld. Yet, by plaintiff's own admission and as evidenced by court records, a valid and enforceable judgment was entered against plaintiff in the state action, Case No. 2022SC000430. Plaintiff fails to set forth facts sufficient to state a claim and/or cause of action against Defendants upon which relief may be granted. Furthermore, plaintiff fails to allege what facts give rise to a claim for relief under the Illinois Collection Agency Act.

### **THIRD AFFIRMATIVE DEFENSE**: Mitigation and/or Unclean Hands

Plaintiff's claims are barred or diminished due to a failure to mitigate damages and/or the doctrine of unclean hands.

### **FOURTH AFFIRMATIVE DEFENSE**: Waiver and Estoppel

Plaintiff's claims are potentially barred in whole or in part by operation of the doctrines of waiver and estoppel. Defendants deny that plaintiff has suffered any damages as a result of any actions of Defendants. Defendants further deny that they are liable to plaintiff for any such damages.

### **FIFTH AFFIRMATIVE DEFENSE**: ICAA

The Illinois Collection Agency Act provides no private right of action for damages. Plaintiff alleges that CPI acted in violation of 225 ILCS 425/9(a)(24) of the Illinois Collection Agency Act. Plaintiff's Count II fails because the ICAA provides no right to relief for damages as asserted in plaintiff's Complaint.

### **SIXTH AFFIRMATIVE DEFENSE**: Statute of Limitations

Plaintiff's allegations are barred by the FDCPA's 1-year statute of limitations. See 15 U.S. C. § 1692k(d) (requiring "an action to enforce any liability before the United States district court" to be brought "*within one year from the date on which the violation occurs*"); See also *Komisar v. Blatt, Hasenmiller, Leibsker & Moore LLC*, 2015 U.S. Dist. LEXIS 10477, at *3 (N.D. Ill. Jan. 29, 2015).

### **RESERVATION OF RIGHTS**

Defendants reserve all other available affirmative defenses and any other defenses at law or in equity that may now or in the future be available based on discovery or other factual investigations concerning this case.

**WHEREFORE,** Defendants pray for an order and judgment of this Court in Defendants' favor against plaintiff as follows:

1.      Dismissing all causes of action against Defendants with prejudice and on the merits;

2.      Awarding costs and attorneys' fees pursuant to 28 U.S.C. §§ 1920, 1927 and 15 U.S.C. § 1692k in favor of Defendants; and

3.      Awarding Defendants such other and further relief as the Court deems just and equitable.

DATED: May 21, 2024

Respectfully submitted,

HINSHAW & CULBERTSON LLP
***Attorneys for Defendants***

**/s/Ruddy Abam**
Justin M. Penn
Ruddy S. Abam
Hinshaw & Culbertson LLP
151 North Franklin Street
Suite 2500
Chicago, IL 60606
Tel: 312-704-3000
E-mail: jpenn@hinshawlaw.com
Email: RAbam@hinshawlaw.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on May 21, 2024, I electronically filed the foregoing **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, using the CM/ECF system which will cause a copy to be served upon all parties of record.

*Attorneys for Plaintiff*
Mario Kris Kasalo
The Law Office of M. Kris Kasalo, Ltd.
4950 Madison St., P.O. Box 1425
Skokie, IL 60077
Phone: 312.726.6160
Fax: 312.698.5054
Email: mario.kasolo@kasalolaw.com

*/s/ Ruddy Abam*
Ruddy S. Abam